UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                      |   |
|--------------------------------------|---|
| PETER FICKEISEN,                     ) |
|                                      ) |
|    Plaintiff,         ) |
|                                      ) |
|    v.                 ) Civil Action No. _____ |
|                                      ) |
| WILLIAM RAVEIS MORTGAGE, LLC         ) |
| and RYAN RAVEIS,                     ) |
|                                      ) |
|    Defendants.        ) |
|                                      ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, defendants, William Raveis Mortgage, LLC ("WRM" or the "Company") and Ryan Raveis, file this Notice of Removal and state as follows:

1. WRM and Mr. Raveis are defendants in an action filed against them by Peter Fickeisen ("Plaintiff") pending in the Superior Court of the Commonwealth of Massachusetts for Plymouth County, captioned *Peter Fickeisen v. William Raveis Mortgage, LLC and Ryan Raveis*, Civil Action No. 2083-CV-00027 (the "State Court Action"). True copies of the complaint and all other papers served by Plaintiff in the State Court Action are attached hereto as Exhibit A.[1]

2. Plaintiff alleges in the complaint that he is a citizen of Massachusetts. (Complaint ¶ 1.) Defendant WRM is a Delaware limited liability company (*Id.* at ¶ 2). Mr. Raveis is one of two members of WRM and is a resident of Connecticut. (*Id.* at ¶ 3.) William Raveis Real

---

[1] In addition to the complaint, Plaintiff served a summons, civil action cover sheet and state court tracking order.

Estate, Inc. is the other member of WRM. William Raveis Real Estate, Inc. is a Connecticut corporation with a principal place of business in Connecticut. There is, therefore, complete diversity of citizenship between the parties.

3. Plaintiff alleges that defendants failed to pay him commissions earned in violation of the Massachusetts Wage Law, M.G.L.c. 149 § 148, and that WRM breached a contract to pay those commissions (*Id.* at ¶¶ 17, 27-40.) Plaintiff does not allege a specific amount of damages, but alleges he is entitled to damages "in excess of $30,000" under the Massachusetts Wage Law. (*Id.* at ¶¶ 29, 30, 35.) Plaintiff further seeks mandatory trebling of those damages and his attorney's fees under M.G.L. c. 149 § 150. (*Id.* at ¶¶ 31, 36.) As pleaded, therefore, the amount in controversy exceeds $75,000.

4. On January 25, 2020, Mr. Raveis was served with a summons and a copy of the complaint filed by Plaintiff. WRM was subsequently served on February 12, 2020. As such, this notice is timely under 28 U.S.C. § 1446(b).

5. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332.

6. Promptly after filing this Notice of Removal, defendants will give written notice of such filing to Plaintiff and will file a copy with the Clerk of the Plymouth Superior Court.

Respectfully submitted,

WILLIAM RAVEIS MORTGAGE, LLC
and RYAN RAVEIS

By their attorney,

*/s/ Daniel J. Blake*
Daniel J. Blake (BBO# 552922)
Barclay Damon, LLP
One Financial Center, Suite 1701
Boston, MA 02111
(617) 274-2996
dblake@barclaydamon.com

Dated: February 20, 2020

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Removal filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 20, 2020.

*/s/ Daniel J. Blake*
Daniel J. Blake

20039289.1