| Summons | CIVIL DOCKET NO. 2083CV00027 | **Trial Court of Massachusetts** <br> **The Superior Court** |
|---|---|---|
| CASE NAME: <br><br> Peter Rickeisen <br><br> vs. <br><br> William Ravers Mortgage, LLC <br><br> Plaintiff(s) <br><br> Defendant(s) | | Robert S. Creedon, Jr.  Clerk of Courts <br> Plymouth  County <br> COURT NAME & ADDRESS: <br> Plymouth Superior Court <br> 72 Belmont Street <br> Brockton, MA. 02301 <br><br> A TRUE COPY ATTEST <br> *[signature]* <br> **DEPUTY SHERIFF** <br> **Middlesex County** |

THIS SUMMONS IS DIRECTED TO ___William Ravers Mortgage, LLC___ (Defendant's ~~DATE OF SERVICE~~)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Plymouth Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court, 72 Belmont Street, Brockton, MA. 02301 (address), by mail or in person **AND**

    b) Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: John W. DiNicola, II, Esq., DiNicola, Seligson & Upton, LLP, 6 Beacon Street, Suite 700, Boston, MA 02108

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                          SUPERIOR COURT
                                                       DEPARTMENT OF THE
                                                       TRIAL COURT
                                                       CIVIL ACTION NO.

PETER FICKEISEN,

       Plaintiff,

v.                                                     **COMPLAINT**

WILLIAM RAVEIS MORTGAGE, LLC
and RYAN RAVEIS,

       Defendants.

Plaintiff, Peter Fickeisen ("Fickeisen"), through its undersigned counsel, by way of Complaint against Defendant, William Raveis Mortgage, LLC ("WRM") and Defendant, Ryan Raveis ("Raveis"), states as follows:

1. Fickeisen is a resident of Marshfield, Massachusetts and a former employee of WRM.

2. WRM is a registered Delaware limited liability company registered in Massachusetts and conducted business at multiple locations in the Commonwealth, including 5 Lan Drive, Suite 510, Westford, Massachusetts.

3. Raveis is a resident of Connecticut.

4. At all applicable times up to and including 2016 and 2017, Raveis was the President of WRM.

1

5. As the President, Raveis had significant authority to shape, control and direct the financial policies of WRM and actively participated in formulating and determining policy of WRM.

6. Raveis is an employer within the meaning of M.G.L. c. 149, § 148.

## PROCEDURAL HISTORY

7. Pursuant to M.G.L. c. 149, § 150, the Attorney General's office has assented to the commencement of this action.

## FACTUAL ALLEGATIONS

8. WRM is the lending and brokerage arm of Williams Raveis Real Estate. It sells mortgage products, including fixed and adjustable rate mortgages, second mortgages, and home equity lines of credit.

9. Fickeisen joined WRM in 2007 as an Executive Mortgage Banker, and was promoted over the years eventually earning the title of Vice President of Sales in 2014 for Massachusetts, Vermont, Maine, New Hampshire and Rhode Island.

10. Fickeisen worked out of WRM's office in Westford, Massachusetts.

11. Fickeisen resigned from WRM on February 1, 2017.

12. Fickeisen executed a Mortgage Originator and VP Agreement dated October 10, 2014. Attached to that Agreement and incorporated therein, was Exhibit A Compensation and Benefits, which set forth the terms of Fickeisen's compensation from WRM.

13. Fickeisen's compensation was set forth on Exhibit A to the Mortgage Originator and VP Agreement.

14. Pursuant to Exhibit A, commissions were to be paid to Fickeisen every two weeks and no more than two weeks after the loan closed.

15. Commissions are a wage as defined by the Massachusetts Wage Act.

16. Fickeisen is aware that numerous loans to which he was assigned while employed by WRM have closed since the termination of his employment and within the Post Termination Period.

17. Despite the fact that loans have closed on which Fickeisen was entitled to receive commissions, WRM has failed to make any or full payment of the commissions due to Fickeisen.

18. WRM has also failed to provide an explanation of the payments he has received since the termination of his WRM employment.

19. As such, Fickeisen has been unable to fully assess the commissions due to him.

20. Fickeisen has made numerous demands personally and through counsel for full payment and for documentation of the loans and payments made to him.

21. WRM has failed to and refused to respond to those demands.

22. WRM has breached its contract with Fickeisen.

23. WRM has violated the Massachusetts Wage Act.

24. As a proximate cause of WRM's breach of contract, Fickeisen has suffered damages in excess of $30,000.

25. As a proximate cause of WRM's and Raveis' violation of the Massachusetts Wage Act, Fickeisen has suffered damages in excess of $30,000.

26. Fickeisen has satisfied all conditions precedent to commence this action.

## COUNT I
### M.G.L. c. 149, § 148 Against WRM

27. Fickeisen incorporates by reference the allegations contained in paragraphs 1 through 26 as if set forth in full herein.

28. WRM has violated the Massachusetts Wage Act by failing to pay Plaintiff's earned wages.

29. As a proximate cause of WRM's violation of the Massachusetts Wage Act, Fickeisen has suffered damages in excess of $30,000.

30. As a proximate cause of WRM's violation of the Massachusetts Wage Act, Fickeisen has suffered damages in excess of $30,000.

31. Pursuant to the Massachusetts Wage Act, Fickeisen is entitled to treble damages and attorneys' fees and costs.

## COUNT II
### M.G.L. c. 149, § 148 Against Raveis

32. Fickeisen incorporates by reference the allegations contained in paragraphs 1 through 31 as if set forth in full herein.

33. Raveis, as an officer of WRM, is personally liable under the Massachusetts Wage Act.

34.     Raveis has violated the Massachusetts Wage Act by failing to pay Plaintiff's earned wages.

35.     As a proximate cause of Raveis' violation of the Massachusetts Wage Act, Fickeisen has suffered damages in excess of $30,000.

36.     Pursuant to the Massachusetts Wage Act, Fickeisen is entitled to treble damages and attorneys' fees and costs.

## COUNT III
### Breach of Contract against WRM

37.     Fickeisen incorporates by reference the allegations contained in paragraphs 1 through 36 as if set forth in full herein.

38.     WRM materially breached its agreement with Plaintiff to pay him wages for his services.

39.     As a result of WRM's breach of the agreement with Plaintiff, Plaintiff has suffered damages.

40.     WRM is therefore liable for the damages arising out of the breach of its agreement with Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter the following relief:

1.     Enter judgment in favor of Fickeisen and against WRM on Count I in an amount in excess of $30,000.00, trebled, plus interest, attorneys' fees, and costs;

2.     Enter judgment in favor of Fickeisen and against Raveis on Count II in an amount in excess of $30,000.00, trebled, plus interest, attorneys' fees, and costs;

3. Enter judgment in favor of Fickeisen and against WRM on Count III in an amount in excess of $30,000.00, plus interest, attorneys' fees, and costs;

4. Award Fickeisen his costs and expenses in this action, including attorneys' fee and costs; and

5. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

PETER FICKEISEN

By his attorneys,

DINICOLA, SELIGSON & UPTON, LLP

By: _____
John W. DiNicola, II (BBO# 629618)
6 Beacon Street, Suite 700
Boston, MA 02108
Tel.: (617) 279-2592
Fax: (617) 426-0587
E-Mail: Jack.DiNicola@dsu-law.com

Dated: January 10, 2020

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2083CV00027 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Fickeisen, Peter vs. William Raveis Mortgage, LLC. et al | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: William Raveis Mortgage, LLC. | | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION         DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/13/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 05/12/2020 | |
| All motions under MRCP 12, 19, and 20 | 05/12/2020 | 06/11/2020 | 07/13/2020 |
| All motions under MRCP 15 | 05/12/2020 | 06/11/2020 | 07/13/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 11/09/2020 | | |
| All motions under MRCP 56 | 12/08/2020 | 01/07/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/07/2021 |
| Case shall be resolved and judgment shall issue by | | | 01/12/2022 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 01/13/2020 | ASSISTANT CLERK | | PHONE |
|---|---|---|---|

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Peter Fickeisen ADDRESS: 274 Hampstead Way, Marshfield, MA 02050 | | COUNTY Plymouth |
| | DEFENDANT(S): William Raveis Mortgage, LLC and Ryan Raveis | |
| ATTORNEY: John W. DiNicola, II ADDRESS: DiNicola, Seligson & Upton, LLP, 6 Beacon St., Ste. 700 Boston, MA 02108 | ADDRESS: William Raveis Mortgage, LLC, 5 Lan Drive, Ste. 510, Westford, MA and Ryan Raveis, 389 Redding Rd., Fairfield, CT 06824 | |
| BBO: 629616 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Breach of Employment Contract | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
☐ YES  ☒ NO

Is this a class action under Mass. R. Civ. P. 23?
☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ................................................................................... $_____
 2. Total doctor expenses ..................................................................................... $_____
 3. Total chiropractic expenses ............................................................................. $_____
 4. Total physical therapy expenses ..................................................................... $_____
 5. Total other expenses (describe below) ........................................................... $_____
   Subtotal (A): $_____

B. Documented lost wages and compensation to date ............................................. $_____
C. Documented property damages to date ................................................................ $_____
D. Reasonably anticipated future medical and hospital expenses ............................. $_____
E. Reasonably anticipated lost wages ........................................................................ $_____
F. Other documented items of damages (describe below) ........................................ $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $_____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

Provide a detailed description of claim(s):

TOTAL: $ 30,000.00

Breach of employment contract, violation of Massachusetts Wage Act

Signature of Attorney/ Unrepresented Plaintiff: X _____  Date: Jan 10, 2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____  Date: Jan 10, 2020

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M R C P 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**